IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>CAELUM BIOSCIENCES, INC.,<br><br>Defendant. | Case No. 3:19-CV-00508 (CLC)(HBG) |

**CAELUM BIOSCIENCES, INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Caelum Biosciences Inc. ("Caelum"), by and through its undersigned counsel, hereby submits this Motion to Dismiss. As explained in Caelum's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint:

1. *First*, the Amended Complaint should be dismissed because Plaintiff still has not met its burden to establish through specific facts that Caelum is subject to personal jurisdiction in Tennessee. There is no general jurisdiction over Caelum, which is a Delaware Corporation with a principal place of business in New Jersey. There is no specific jurisdiction over Caelum because: (i) it did not purposely avail itself of Tennessee; (ii) it took no actions in Tennessee that gave rise to the causes of action set forth in the Amended Complaint; and (iii) it would be unreasonable to subject Caelum to jurisdiction in Tennessee.

2. *Second*, the Amended Complaint should be dismissed because of Plaintiff's refusal or inability to name as a party Columbia University ("Columbia"), which is necessary and indispensable to this action. The Amended Complaint alleges that Columbia and Caelum improperly entered into an Exclusive Licensing Agreement that transferred to Caelum certain rights that Plaintiff claims belonged to it. Consequently, Plaintiff's claims against Caelum cannot

succeed unless and until the Court first concludes that Columbia licensed rights it never had. Under these circumstances, Columbia is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B)(i)-(ii) and an indispensable party under Rule 19(b)(1).

3. *Third*, the Amended Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Five of Plaintiff's six tort claims are preempted by Tennessee's Uniform Trade Secrets Act (the "UTSA") and are subject to immediate dismissal. *See* TENN. CODE ANN. § 47-25-1708; *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649 (E.D. Tenn. 2004) (Collier, J.). These five tort claims also suffer from additional pleading deficiencies that form independent bases for dismissal.

4. *Fourth*, Plaintiff's breach of contract claim fails to state a claim because the confidentiality agreement upon which it is based is unenforceable due to there being no consideration, no performance, and no damages suffered.

5. *Lastly*, Plaintiff fails to state an UTSA claim because there are no protectable trade secrets alleged.

| Of Counsel: | Respectfully Submitted, |
|---|---|
| **DLA PIPER LLP (US)** | **PAINE TARWATER & BICKERS LLP** |
| Christopher M. Strongosky (*pro hac vice*)<br>Michael D. Hynes (*pro hac vice*)<br>1251 Avenue of the Americas, 27th Floor<br>New York, NY 10020<br>(212) 335-4500<br>christopher.strongosky@us.dlapiper.com<br>michael.hynes@us.dlapiper.com<br><br>Lisa A. Haile*<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>(858) 677-1400<br>lisa.haile@us.dlapiper.com<br><br>*Pro Hac Vice Application Forthcoming | By: */s/ John W. Elder*<br>John W. Elder (BPR #022775)<br>Lindsey M. Collins (BPR #033426)<br>Thomas H. Jarvis (BPR #036835)<br>900 South Gay Street, Suite 2200<br>Knoxville, TN 37902<br>(865) 525-0880<br>jwe@painetarwater.com<br>lmc@painetarwater.com<br>thj@painetarwater.com<br><br>*Attorneys for Defendant Caelum Biosciences, Inc.* |

## MEET & CONFER CERTIFICATION

Counsel for Plaintiff and Caelum met on March 27, 2020 regarding Caelum's Motion to Dismiss the Amended Complaint and whether further amendment could cure Plaintiff's deficient pleading. The parties have been unable to agree that Plaintiff's Amended Complaint is curable by further amendment.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of March, 2020, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ John W. Elder*