UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION, | ) ) | |
|---|---|---|
| | ) | No. 3:19-CV-508 |
| *Plaintiff,* | ) ) | Judge Collier |
| v. | ) ) | Magistrate Judge Lee |
| CAELUM BIOSCIENCES, INC., | ) ) | |
| *Defendant.* | ) | |

# **O R D E R**

Before the Court is a motion to dismiss Plaintiff's initial complaint. (Doc. 22.) On March 6, 2020, Plaintiff filed an amended complaint. (Doc. 30.) On March 27, 2020, Defendant filed a motion to dismiss Plaintiff's amended complaint. (Doc. 35.)

Based on the straightforward principle that "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), courts generally hold that pending motions directed to the initial complaint are properly denied as moot, *see, e.g.*, *Lopez v. Metro. Gov't of Nashville*, No. 3:07-CV-0799, 2008 WL 913085, at *2 (M.D. Tenn. Apr. 1, 2008) (denying motion for summary judgment after amendment); *Ware v. C.R. Bard, Inc.*, No. 1:07-CV-172, 2007 WL 2463286, at *2 (E.D. Tenn. Aug. 28, 2007) (denying motion to dismiss original complaint as moot after amendment). An exception to this general rule applies when the amended complaint is substantially identical to the initial complaint. *See, e.g.*, *Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, No. 1:08-CV-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16, 2009). That exception does not apply here, in that

Plaintiff's second amended complaint adds factual allegations and a new cause of action. (*See, e.g.*, Doc. 30 at 45–48 [Count VII].)

The Court accordingly **DENIES** Defendant's first motion to dismiss (Doc. 22) as **MOOT**.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**