UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:19-CV-508-CEA-JEM ) |
| CAELUM BIOSCIENCES, INC., AND THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter is before the Court on the Motion for Protective Order and Stay of Discovery ("Motion for Protective Order") [Doc. 132], filed by The Trustees of Columbia University in the City of New York ("Columbia"), and the Notice of Joinder to Columbia University's Motion for Protective Order and Stay of Discovery ("Notice of Joinder") [Doc. 143], filed by Caelum Biosciences, Inc. ("Caelum"). For the reasons explained below, the Court **DENIES** Columbia's Motion for Protective Order [**Doc. 132**] and **GRANTS IN PART AND DENIES IN PART** Caelum's Notice of Joinder [**Doc. 143**]. The Court **GRANTS** the Notice of Joinder [Doc. 143] to the extent it requests to join Columbia's Motion for Protective Order, but the Court **DENIES** the Notice of Joinder [Doc. 143] to the extent it requests a stay of discovery.

I. BACKGROUND

Plaintiff filed the Complaint [Doc. 1] in this case on December 11, 2019, and filed an Amended Complaint [Doc. 30] on March 6, 2020. The Amended Complaint named only Caelum

as a defendant [*Id*.]. On March 27, 2020, Caelum moved to dismiss this case [Doc. 35], arguing that it was not subject to personal jurisdiction in Tennessee, Plaintiff failed to join an indispensable party (i.e., Columbia), and the Complaint failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 35 pp. 1–2]. While the motion to dismiss was pending, on April 14, 2021, Plaintiff served Caelum with discovery requests [Docs. 64-1 & 64-2]. Later that month, the District Judge, Charles E. Atchley, Jr., partially ruled on Caelum's motion to dismiss [Doc. 60]. The Court found that it had personal jurisdiction over Caelum, but Columbia was a necessary party [*Id*. at 2]. The Court granted Plaintiff leave to amend its complaint to add Columbia as a party and deferred ruling on Caelum's arguments raised under Rule 12(b)(6) in light of Plaintiff's forthcoming amended complaint [*Id*.]. Plaintiff filed its Second Amended Complaint [Doc. 61] on May 13, 2021, adding Columbia as a party.

The following day on May 14, 2021, Caelum sought a protective order staying discovery while its motion to dismiss was pending, stating that its efforts in responding to discovery may be "potentially for naught" [Doc. 64 p. 6]. Plaintiff objected to the motion, arguing, in part, that it had only served two interrogatories and six document requests [Doc. 65 p. 7]. The District Judge denied Caelum's motion for a protective order, finding Caelum did not establish good cause to stay discovery:

> Unless patently frivolous, any 12(b)(6) motion has a potential for success, but that does not mean that it creates an undue burden on a defendant who must provide discovery before the Court rules on the motion. Responding to interrogatories is not unduly burdensome, and the slight burden of responding to discovery does not outweigh the costs of further delay.

[Doc. 69 p. 2].

Caelum and Columbia each filed a motion to dismiss the Second Amended Complaint, on June 17, 2021 [Doc. 76], and on June 30, 2021 [Doc. 88], respectively. In the Fall of 2021, the

parties litigated several discovery disputes and issues relating to a protective order [*See* Doc. 128]. On December 22, 2021, the Court entered orders on these disputes [Docs. 128 & 129], and later, the parties prepared an order governing electronically stored information ("ESI Order") [Doc. 130], which the Court entered on January 27, 2022 [Doc. 131]. Paragraph 5 of the ESI Order requires the parties to "meet and confer to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests" [*Id.* ¶ 5].

On January 25, 2022, Plaintiff served Columbia with sixty-one (61) Requests for Production ("RFPs") [Doc. 133-1]. The parties agreed that Columbia could have an additional fourteen (14) days, or until March 10, 2022, to respond to the RFPs [Doc. 134-2 p. 10]. In the interim, the parties met and conferred about the email discovery process and agreed to exchange letters outlining proposed custodians and search terms by March 22 [Doc. 134-2 pp. 7–8].

On March 10, 2022, Columbia served its responses and objections to the RFPs, and in response to many of the RFPs, Columbia set forth objections and the following:

> Pursuant to and subject to these objections, as ordered by the Court, Columbia will meet-and-confer with Plaintiff to identify the proper search terms to be used in the production of e mails from no more than five (5) custodial files, and to the extent non-privileged and responsive information is identified as a result of such a search within the relevant date range, Columbia will produce non-privileged documents responsive to this Request.

[Doc. 134-4].

In an email also dated March 10, Plaintiff stated that Columbia's responses were "wildly incomplete" because the RFPs "sought not only documents that were attached to email communications but 'documents and communications'" [Doc. 134-5 p. 3]. Plaintiff requested that Columbia supplement its responses [*Id.*]. On March 17, Columbia wrote the following to Plaintiff:

> We disagree that our responses are incomplete, and we hope that this email will clarify our position. While our investigation is ongoing, we currently believe that most of the responsive

> information called for in the requests will come from custodial files, and the identification of those custodians is the subject of our ongoing meet and confers in accordance with the Court's ESI Order. To be clear, subject to our general and specific objections, we will be producing responsive email and non-email documents from those custodians. To the extent we identify responsive information in non-custodial sources after a reasonable search, subject to our general and specific objections, such material will likewise be produced.

[Doc. 134-5 p. 2]. On March 22, Columbia proposed collecting ESI from four of its custodians, and it identified preliminary search terms [Doc. 134-3]. On April 19, Plaintiff asked Columbia if it still possessed emails for another custodian, Peter Golikov, who was not identified in Columbia's March 22 letter, and Columbia agreed to investigate and provide further information [Doc. 134-1 ¶ 8].[1] In April, the parties continued to meet and confer about the appropriate custodial files to search and the appropriate search terms [Doc. 134-2 pp. 2–6].[2]

On April 29, 2022, Columbia filed its Motion to Stay [Doc. 133], and on May 16, 2022, Caelum filed a Notice of Joinder [Doc. 143] to Columbia's motion. Columbia seeks [Doc. 132] to stay discovery in this case pursuant to Rule 26(c) pending the Court's resolution of Columbia's dispositive motion and/or until Plaintiff obtains discovery from more easily accessible sources, including the University of Tennessee ("UT") and Dr. Solomon. Columbia asserts that it would

---

[1] In an email dated April 4, 2022, following an April 1 meet and confer, Plaintiff's counsel included a chart of the "five agreed-upon Columbia custodians," and Peter Golikov is included therein [Doc. 134-2 ¶ 5].

[2] Plaintiff claims that Columbia's motion is procedurally improper because Columbia failed to mention to Plaintiff that it would be filing a motion for protective order [Doc. 134]. The Court does not find that Columbia's motion is procedurally improper. On April 15, 2022, Columbia asked whether Plaintiff would be amendable to a stay of discovery pending resolution of Columbia's dispositive motion or pending Plaintiff obtaining the requested discovery from other sources, such as the University of Tennessee [Doc. 134-2 p. 4]. In the alternative, Columbia offered to produce communications between Dr. Lentzsch and Dr. Solomon followed by discussions between Plaintiff and Columbia as to what, if any, additional discovery is needed [*Id.*]. Columbia represents that the parties discussed Columbia's proposals, but Plaintiff did not agree to them [Doc. 136-1 ¶¶ 14–16].

incur undue burden and expense if required to respond to Plaintiff's discovery requests. In addition, Columbia asserts that the unique circumstances in its motion to dismiss support limiting or forbidding discovery. Caelum seeks to join [Doc. 143] Columbia's motion, adding that Plaintiff has not specifically identified its trade secrets at issue in this matter.

Plaintiff responded [Doc. 134] that Columbia has not supported its undue burden and expense allegations with evidence, nor established good cause for entry of a protective order staying discovery. Plaintiff argues that it would suffer prejudice if the Court stayed discovery given Columbia's representation that it would produce discovery. In addition, Plaintiff states that many of the relevant events occurred between 2013 and 2017 and that staying discovery further delays the resolution of this case. It further claims that Columbia's proposal to limit discovery is vague and unacceptable given that UT and Dr. Solomon are not parties in this action. Plaintiff objects [Doc. 150] to Caelum's Notice of Joinder [Doc. 143], arguing it is procedurally defective.

In its reply [Doc. 136], Columbia asserts that it participated in discovery in good faith—the parties simply arrived at an impasse about the scope of discovery. It reiterates that the arguments raised in its motion to dismiss provide good cause to stay discovery and that the burden of proceeding with discovery outweighs any hardship on Plaintiff resulting from a stay, providing a vendor estimate showing that responding to Plaintiff's discovery would cost over $26,000 [Doc. 136-4]. Columbia disputes any hardship to Plaintiff as a result of any delays, stating that Plaintiff did not file its complaint until December 2019.

The parties appeared before the Court on June 6, 2022, for a motion hearing. Attorneys Daniel Hipskind, Dorian Berger, and Wayne Ritchie, II, appeared on behalf of Plaintiff. Attorney Zachary Garrett and Joseph Harvey appeared on behalf of Columbia. Attorneys John Elder,

Christopher Strongosky, and Anna Finger appeared on behalf of Caelum. Attorney Michael Hynes appeared on behalf of non-party Alexion Pharmaceuticals, Inc. ("Alexion").

## II. ANALYSIS

Before turning to whether discovery should be stayed, the Court will address Plaintiff's objections to Caelum's Notice of Joinder [Doc. 143]. Plaintiff objects to the Notice of Joinder arguing that it is procedurally defective and improper [Doc. 150 p. 2]. While the Court has considered Plaintiff's objections to the Notice of Joinder [Doc. 143], the Court finds it appropriate to address Caelum's arguments in determining whether discovery in this case should be stayed. This case is in a different posture from the posture presented in June 2021 when Judge Atchley denied Caelum's previous motion to stay discovery. At that time, Plaintiff had served only two specific interrogatory requests and six limited requests for production to Caelum. Since then, Plaintiff has served discovery on Defendants, and Caelum submits that it has divulged "the company's most confidential, proprietary drug development information" and "most sensitive financial information concerning the acquisition by nonparty Alexion" [Doc. 161 p. 3].

Turning to the motion for productive order and request to stay discovery, Defendants move for entry of a protective order pursuant to Rule 26(c) staying discovery (i) pending the Court's resolution of the dispositive motions, and/or (ii) until Plaintiff obtains discovery from more easily accessible sources, including UT and Dr. Solomon. If the Court declines to stay the case, Columbia alternatively requests that Plaintiff's discovery requests be limited to Dr. Lentzsch's correspondence with Dr. Solomon from 2013 until December 11, 2019, the date that Plaintiff filed the Complaint.[3]

---

[3] At the motion hearing, Caelum clarified that it joins Columbia's request to stay discovery pending the outcome of the dispositive motions and/or until Plaintiff obtains discovery from UT and Dr. Solomon. Caelum does not join Columbia's alternative request to limit discovery.

### A. Request to Stay Discovery

Rule 26(c) permits the entry of a protective order staying discovery on a showing of good cause. Fed. R. Civ. P. 26(c)(1). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williamson v. Recovery Ltd., P'ship*, No. 2:06-cv-292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citation omitted); *see also Acad. of Allergy & Asthma in Primary Care v. Amerigroup Tenn., Inc.*, No. 3:19-cv-180, 2020 WL 8254263, at *2 (E.D. Tenn. Aug. 12, 2020).

The Court has weighed Defendants' burden of proceeding with discovery against the hardship that would be worked upon Plaintiff by staying discovery, and given the facts and circumstances of this case, the Court finds the hardship on Plaintiff outweighs the burden on Defendants. Plaintiff filed this case on December 11, 2019, approximately two-and-a-half years ago. From the filings and oral arguments, it appears to the Court that the parties have exchanged very little discovery. The deadlines in this case are quickly approaching [*see* Doc. 105], and while Plaintiff has requested that the deadlines be extended [*see* Doc. 146], it made this request because the parties have not exchanged discovery. The Court finds the hardship on Plaintiff weighs in favor of allowing discovery to proceed. *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020) ("As reflected in the Federal Rules, Plaintiffs deserve to have their claims heard in a timely and efficient manner. A stay of discovery conflicts with this goal.")

7

Columbia argues that it would incur undue burden and expense if it had to respond to Plaintiff's sixty-one (61) RFPs. Columbia attached an estimate from its vendor, Epiq, showing that the costs to produce the requested discovery is approximately $26,324.00 [Doc. 136-2 ¶ 22; Doc. 136-2 pp. 1–3]. While Columbia asserts this is expensive, Columbia did not provide any evidence that this amount would constitute on an undue burden for Columbia. In addition, good cause to support a stay of discovery "will not be shown merely because the disputed discovery may be inconvenient or expensive." *CHS/Cmty. Health Sys., Inc. v. Med. Univ. Hosp. Auth.*, No. 3:20-CV-00163, 2021 WL 5863598, at *2 (M.D. Tenn. Jan. 4, 2021).

The Court is also not persuaded that the burden on Columbia outweighs the hardship on Plaintiff in light of the timing of Columbia's motion. Plaintiff served the RFPs on January 25, 2022, and Columbia did not seek a stay of discovery until April 29, 2022—approximately three months later. Columbia argues that Plaintiff seeks an "immense breadth of discovery" [Doc. 136 p. 17], but during this time period, the parties engaged in numerous meet and confers regarding the appropriate parameters of discovery. While the parties arrived at an impasse on the specific search parameters, Columbia initially proposed to collect ESI (email and non-email) from four custodians [Doc. 134-2 p. 2]. Arriving at an impasse on the parameters of discovery is not a basis to stay discovery altogether.

Columbia further asserts that the unique circumstances articulated in its motion to dismiss also support a stay. The District Judge has already disposed of a similar argument in ruling on Caelum's previous request to stay discovery [Doc. 69]. Indeed, as stated by Judge Atchley, "[i]n general, a court will not stay discovery because of a pending dispositive motion" [*Id.* (citing cases)]. *See Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) ("Generally, however, the mere filing of a dispositive motion, such as a motion for

judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery." (citing cases)).

In any event, Columbia counters that it is not subject to personal jurisdiction in Tennessee and that courts typically stay discovery pending a motion to dismiss based on personal jurisdiction issues [Doc. 133 p. 7 (citing *Nissan N. Am., Inc. v. DeltaWing Project 56, LLC*, No. 3-15-0663, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015) (finding good cause to stay discovery pending resolution of defendants' motion to dismiss for lack of personal jurisdiction, reasoning "should the [c]ourt find it has no jurisdiction and dismiss the action against these Defendants, they would have no need for the burden or expense of participating in the litigation"); *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *1 (S.D. Ohio Mar. 17, 2014) (staying merit-based discovery pending defendant's motion to dismiss for lack of personal jurisdiction); *see also* Doc. 136 (citing cases)]. Plaintiff argues otherwise and cites to cases where courts have denied a motion to stay discovery pending the resolution of personal jurisdiction issues [Doc. 134 p. 11 (citing *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (denying motion to stay despite defendant's motion to dismiss based on lack of personal jurisdiction finding that the discovery will be available for use in any subsequent action, and a stay will only delay resolution of the claims); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *2 (E.D. Tenn. Aug. 9, 2012) (explaining that courts in the Sixth Circuit have found that motions to dismiss for lack of personal jurisdiction do no support staying discovery); and others].

Based on its review of the cases cited by the parties, the Court agrees with Plaintiff that there is no bright line favoring motions to stay when a defendant asserts lack of personal jurisdiction in a case. *See Childress v. DeSilva Auto. Servs., LLC*, No. CIV 20-0136 JB\JHR, 2020

WL 3572909, at *14 (D. N.M. July 1, 2020) ("This lack of clearly prevailing principles is perhaps attributable to stays' discretionary nature and dependence on each case's unique facts."). Instead, the Court is to consider the circumstances of each case and weigh the burden of discovery on a defendant versus the hardship to a plaintiff if discovery is stayed.[4] *Bolletino*, 2012 WL 3263941, at *1 (citing cases). The Court has weighed Defendants' burden of proceeding with discovery against the hardship that would be worked upon Plaintiff by staying discovery, and given the facts and circumstances of this case, the Court finds the hardship on Plaintiff outweighs the burden on Defendants.

Columbia adds that it also seeks dismissal based upon the expiration of the statute of limitations and because Plaintiff entered into an agreement with Columbia to terminate their inter-institutional agreement ("IIA") in exchange for a mutual release for "any and all claims and liability" [Doc. 136 p. 16 (citation omitted)]. Columbia asserts that these arguments support a stay because if the Court finds that it lacks personal jurisdiction over the case, Plaintiff cannot continue the case by refiling elsewhere. Plaintiff refutes that its claim against Columbia arises under the IIA, arguing that the IIA expressly excluded any rights to the "know-how" materials [Doc. 117 pp. 10–11]. In addition, Plaintiff asserts that its termination letter with Columbia provides that the parties have an ongoing contractual relationship, which precluded Columbia from using Plaintiff's confidential information [*Id.* at 13– 14]. It further denies that the statute of limitations has expired,

---

[4] Columbia also generally argues in its reply brief that it "has been hamstrung in its ability to defend itself" given that participating in discovery could result in a waiver of a party's personal jurisdiction defenses [Doc. 136 p. 14]. While the Court makes no determination on this issue, under certain circumstances a defendant's participation in discovery does not necessarily constitute a waiver of its personal jurisdiction defenses. *See SNMP Rsch., Inc. v. Broadcom Inc.*, No. 3:20-CV-451-CEA-DCP, 2021 WL 2636011, at *7 (E.D. Tenn. June 25, 2021) ("Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses.").

10

asserting that the claims accrued on January 1, 2017, when Caelum and Columbia entered into the license agreement [*Id.* at 17–18].

While the Court does not opine on the merits of such arguments, it has reviewed them and it appears that "[t]his is simply not one of the rare cases where a complaint patently lacks merit such that staying discovery pending resolution of a motion to dismiss is appropriate." *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3 (S.D. Ohio Feb. 8, 2022) (denying a motion to stay discovery and finding that "here, the statute of limitation inquiry is not a straightforward analysis"). For the reasons explained above, the Court finds that the balance of hardships weighs against staying discovery. *See Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (explaining that, while a court has "the inherent power to stay proceedings based upon its authority to manage its docket efficiently[,]" it "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay'" (citation omitted)).

Caelum adds that it served Plaintiff with interrogatories and requests for production of documents seeking the identification of Plaintiff's trade secrets. Caelum asserts, "[N]o party should be forced to endure the seismic costs and burden of [Plaintiff's] discovery when [Plaintiff] is in blatant disregard of its own discovery obligations" [Doc. 143 p. 2]. The Court notes, however, that Caelum has filed a Motion to Compel [Doc. 141], raising Plaintiff's alleged failure to identify its trade secrets, and the Court finds that the motion is a better vehicle to address this discovery dispute. *See generally Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 186 (N.D. Iowa 2017) ("[A] party cannot delay responding to discovery simply because the other party has not yet responded to its discovery." (citing Fed. R. Civ. P. 26(d)(3)(B))). Caelum also asserts that Plaintiff is serving aggressive and harassing third-party discovery. If the non-parties believe that Plaintiff's

11

discovery is harassing, then they can seek recourse by filing appropriate motions. *See generally Liebman v. Methodist Le Bonheur Healthcare*, No. 3:17-0902, 2020 WL 12895960, at *2 (M.D. Tenn. Nov. 4, 2020) ("Dr. Stern is not, however, the one subject to the subpoena [duces tecum], and cannot therefore claim burdensomeness.").

Defendants also assert that the Court should stay discovery until Plaintiff obtains discovery from more accessible sources, including UT and Dr. Solomon, citing to Rule 26(b)(2)(C)(i):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

Fed. R. Civ. P. 26(b)(2)(C)(i).

During the motion hearing, Columbia argued that Plaintiff's initial disclosures stated that UT is likely to have six (6) categories of information that are relevant. Columbia also asserted that Plaintiff produced some UT documents to Caelum, but Plaintiff did not produce the same documents to Columbia. Columbia stated that it does not believe Plaintiff asked UT or Dr. Solomon for all the relevant documents Plaintiff identified in its initial disclosures.

Plaintiff responded that it possesses many documents from UT and Dr. Solomon and that all of those documents have been produced to Caelum. It did not produce those documents to Columbia because Columbia did not request the documents, and Plaintiff assumed that Columbia received the documents from Caelum because Defendants may share documents pursuant to the terms of the Protective Order. Plaintiff further explained that it and Columbia entered into the IIA, wherein clinical trials were transferred to Columbia in light of Dr. Solomon's retirement. According to Plaintiff, there was a proposed amendment to the IIA that addressed the "know how" materials, but the amendment was never executed. Plaintiff seeks internal correspondence relating

12

to the IIA and draft versions of the IIA. While Plaintiff conceded that it possesses some communications that were exchanged between the parties, it does not have Columbia's internal correspondence.

In addition, Plaintiff stated that Columbia and Caelum entered into a licensing agreement, and that while Plaintiff has a copy of the licensing agreement, it does not have any drafts of the licensing agreement, and UT would not possess such drafts. Plaintiff asserted that it also unaware of whether Columbia approached other institutional partners, and UT would not have any documents on that topic either. Finally, Plaintiff argued that Dr. Solomon used hard copy documents, so when Dr. Lentzsch took over the clinical trial, Dr. Solomon boxed up his hard copy documents and sent them to Dr. Lentzsch. Thus, Plaintiff submitted that UT simply does not possess such documents given that they were not stored electronically.

In light of the oral arguments, it appears to the Court that the parties have not engaged in specific discussions about the discovery at issue and the appropriate party, or non-party, that possesses such documents. The Court therefore declines at this time to order Plaintiff to seek such discovery from UT and/or Dr. Solomon given Plaintiff's representations that Dr. Solomon mailed documents to Dr. Lentzsch, that those documents were not stored electronically, and that Plaintiff seeks Columbia's internal correspondence, which neither UT nor Dr. Solomon would possess. The Court strongly encourages the parties to engage in these specific discussions in accordance with their discovery obligations and "to secure the just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.

### B. Request to Limit Discovery

If the Court declines to stay discovery, Columbia requests the Court limit Plaintiff's discovery requests. Columbia asserts that Plaintiff's discovery should be limited to Dr. Lentzsch's

correspondence with Dr. Solomon from 2013 until December 11, 2019, the date on which Plaintiff filed the Complaint. During the hearing, Columbia stated that the case is simply whether Dr. Solomon improperly provided Dr. Lentzsch trade secrets and that its proposed limitations are appropriate to discover the core of Plaintiff's case. Plaintiff responded that it would like the documents that Columbia is offering to disclose, but the core of its case is the allegation that Defendants are commercializing Plaintiff's property without the necessary rights. Given that, Plaintiff stated that it also needs the documents relating to the proposed amendment to the IIA that was never executed.

The Court finds that the parties have not exhausted their meet and confer efforts on whether Plaintiff's discovery requests should be limited to Dr. Solomon and Dr. Lentzsch's correspondence from 2013 to December 11, 2019. Accordingly, the Court orders Plaintiff and Columbia to participate in a meet and confer **within fourteen (14) days** to determine whether Columbia's proposal is an appropriate limitation on discovery at this time and whether Columbia is willing to produce documents relating to the allegation that Defendants are commercializing Plaintiff's property without the necessary rights and relating to the IIA amendment that was never executed. Should Plaintiff and Columbia's meet and confer efforts fail, they **SHALL** contact chambers to set a hearing on this limited issue.[5]

---

[5] Plaintiff requests that the Court order "Columbia to promptly collect, process, review, and produce the materials requested by [Plaintiff] in its RFPs" [Doc. 134 p. 19]. The Court agrees with Columbia that this request is not properly before the Court. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). The Court encourages the parties to continue in their efforts to resolve Columbia's objections and reach an agreement on the appropriate search parameters.

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** the Motion for Protective Order and Stay of Discovery [**Doc. 132**] and **GRANTS IN PART AND DENIES IN PART** the Notice of Joinder to Columbia University's Motion for Protective Order and Stay of Discovery [**Doc. 143**]. The Court **GRANTS** the Notice of Joinder to the extent Caelum requests to join Columbia's motion but **DENIES** the Notice of Joinder to the extent that Caelum requests a stay.[6]

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[6] Given that the Court has declined to stay discovery in this case, the Court will issue separate orders on Plaintiff's Motion to Compel Alexion Pharmaceuticals, Inc., to Comply with a Subpoena Duces Tecum [Doc. 137] and Caelum's Motion to Compel Plaintiff to Supplement its Interrogatory Response(s) and to Compel the Production of Documents in Response to Caelum Biosciences, Inc.'s First Set of Requests for Production of Documents [Doc. 141].

15