UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-508-CEA-DCP |
| | ) | |
| CAELUM BIOSCIENCES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter is before the Court on Plaintiff's Motion to Fairly Allocate the Time for Third Party Dr. Alan Solomon's Deposition [Doc. 240] and Defendants' Renewed Motion to Compel Deposition of Dr. Alan Solomon [Doc. 242]. The Court has expedited these matters given that the date to depose Dr. Solomon is quickly approaching and the parties have filed competing motions that adequately set forth their positions on the matter. *See* E.D. Tenn. L.R. 7.2 ("Under exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time."). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** both motions [**Docs. 240 and 242**].

I. **ANALYSIS**

By way of background, on December 7, 2022, the Court granted Defendants' motion to compel [Doc. 182] and ordered Dr. Solomon to appear for a deposition. In light of Dr. Solomon's age and health, the Court ordered several accommodations [*Id.* at 4–5]. Relevant here, the Court stated that "the parties shall schedule the seven-hour deposition, *see* Fed. R. Civ. P. 30(d)(3), to

take place over the course of fourteen days, and it shall not be scheduled on consecutive days" [*Id*. at 5]. It was not clear to the Court whether the parties had agreed on how to allocate the time for questioning Dr. Solomon, so the undersigned ordered them to meet and confer [*Id*. at 5 n. 6].

Upon agreement of the parties, Dr. Solomon's deposition is set to begin on January 9, 2023. The parties, however, disagree as how the time for deposing Dr. Solomon should be allocated. Plaintiff proposes that Dr. Solomon's deposition be limited to seven hours, as previously ordered, with the time being allocated evenly. In the alternative, Plaintiff defers to the Court to allocate the time equitably.[1] Plaintiff states it has never denied that Dr. Solomon's testimony is not relevant in this case and that it would be unfair and prejudicial if Defendants have the opportunity to preserve Dr. Solomon's testimony while providing Plaintiff negligible time to do the same. Plaintiff states that Dr. Solomon's unavailability at trial is "an unfortunate but real possibility" [Doc. 241 p. 10]. Plaintiff argues that case law supports its position that the time should be allocated evenly.

Defendants submit that "courts routinely split the deposition time for Rule 45 witnesses in favor of the noticing party, based upon consideration of fairness, including whether the witness is cooperating with a party" [Doc. 243 p. 8 (citation omitted)]. Defendants state that they should have more time to depose Dr. Solomon than Plaintiff because it originally objected to Dr. Solomon's deposition and claimed the deposition was not relevant. In addition, Defendants state that Dr. Solomon is cooperating with Plaintiff and that in light of the accommodations, Dr. Solomon's deposition will proceed at a slower pace. Defendants request six hours to depose Dr. Solomon and that Plaintiff be allocated one hour. In the alternative, they seek an order extending

---

[1] Plaintiff states that in the spirit of comprise, it previously offered 75% of the time (5 hours and 15 minutes) to Defendant, although Plaintiff does not believe such a split is equitable or warranted under the circumstances [Doc. 241 p. 11].

2

the length of Dr. Solomon's deposition by an additional 3.5 hours so that they can depose Dr. Solomon for seven hours and Plaintiff can depose him for 3.5 additional hours. Defendants state, "While traditionally parties are expected to conduct the first seven hours of deposition before seeking such an extension, an anticipatory motion is sometimes more appropriate considering all the circumstances[,]" including that counsel must travel to Knoxville, Tennessee, to take the deposition and the accommodations afforded to Dr. Solomon [*Id.* at 11]. Defendants believe six hours will be sufficient but "[a]dditional time is appropriate given Dr. Solomon's centrality to and the complexity of the facts of this case" [*Id.* at 12]. Defendants also request that the Court compel Dr. Solomon to appear for his deposition on January 9, 11, and 13, 2022, as well as additional dates to the extent necessary and agreed to by the parties.

The Court has considered the parties' positions and their respective proposals. The Court declines to enter Plaintiff's proposal to split the time evenly because Defendants served the subpoena on Dr. Solomon and Dr. Solomon appears to be cooperating with Plaintiff given that they share counsel, Attorney Hipskind. Further, Dr. Solomon's counsel earlier represented to the Court that "Dr. Solomon [did] not have any unique, non-duplicative information regarding the issues in this case" [Doc. 200 p. 10].

The Court also declines Defendants' proposal to allocate six hours to them and one hour to Plaintiff. As Defendants have emphasized, Dr. Solomon's testimony is more than critical [Doc. 202 p. 26] ("To say Dr. Solomon's actions are critical to this case would be an understatement."). The Court finds providing Plaintiff only one hour, especially given Plaintiff's concerns that Dr. Solomon will not be available for trial, unfair.

Accordingly, the Court **FINDS** that Defendants **SHALL** be allotted five (5) hours to depose Dr. Solomon, and Plaintiff **SHALL** be allotted two (2) hours to depose Dr. Solomon.

Although the Court has considered Defendants' alternative request to allow the parties to exceed the seven-hour limitation to depose Dr. Solomon, the Court declines the request at this time. Dr. Solomon has already explained his health concerns with being deposed and, given that the parties have not started the deposition, it is unclear if the accommodations will greatly disturb the pace of the deposition. Should the parties need additional time to depose Dr. Solomon, they may file a motion.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Fairly Allocate the Time for Third Party Dr. Alan Solomon's Deposition [**Doc. 240**] and Defendants' Renewed Motion to Compel Deposition of Dr. Alan Solomon [**Doc. 242**]. Defendants **SHALL** be allotted five (5) hours to depose Dr. Solomon and Plaintiff **SHALL** be allotted two (2) hours to depose Dr. Solomon. The parties **SHALL** proceed with Dr. Solomon's deposition on January 9, 2023, and any other dates that they have previously agreed, or will agree, to depose him.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge