UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:19-CV-508-CEA-DCP<br>) |
| CAELUM BIOSCIENCES, INC., | )<br>) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the parties' Joint Motion to Seal Confidential Information [Doc. 475]. The position of The Trustees of Columbia University in the City of New York ("Columbia"), a former party, is included in the parties' joint motion. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the parties' joint motion [**Doc. 475**].[1]

On December 11, 2019, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 7] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will

---

[1] As explained below, *see infra* p. 5, the Court has ordered additional briefing on Plaintiff's motion to seal [Doc. 345], which seeks to seal a document also subject to the instant joint motion.

place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id.* at 3]. The Local Rules permit the Court to seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

With the above guidance in mind, the Court turns to the parties' requests. At the outset, the Court observes that the parties have generally sought to redact or seal information relating to third-parties, financial information, or alleged trade secret information. Unless otherwise noted below, the Court finds that the parties have supported their requests to redact such information or place it under seal. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("Finally, the point about third parties is often one to take seriously; 'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021) (placing documents under seal that "contain revenue and sales data, financial calculations and forecasts, and potential customers with whom [the d]efendant ha[d] executed non-disclosure agreements"); *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (allowing documents containing "highly confidential business information, such as marketing strategies, revenue/sales data, and financial calculations" to be filed under seal finding that "companies have a compelling interest in protecting such information from their competitors—especially where, as here, disclosure would cause a competitive disadvantage"); *Zee Co. Inc., v. Davis*, No. 1:10-cv-143-CLC-CHS [Doc. 20] (E.D. Tenn. Feb. 17, 2021) (sealing a party's trade secrets).

I.  **Defendant's Memorandum in Support of its Motion for Summary Judgment [Doc. 370-1 SEALED]**

Defendant and Columbia seek redactions to Defendant's Memorandum in Support of its Motion for Summary Judgment [Doc. 370-1]. Defendant seeks redactions to the terms of confidential agreements involving non-parties, including Leidos Biomedical Research, Inc. ("Leidos") and Cellca GmbH ("Cellca"), and AERES Biomedical Ltd. ("AERES"). Columbia seeks redactions relating to the language of its Exclusive License Agreement with Defendant because it is confidential. The Court has reviewed the proposed redactions [Doc. 370-1], and they are narrowly tailored. The Court finds good cause to place the documents under seal. The Court **DIRECTS** the Clerk's Office to **REPLACE** [**Doc. 370**] with [**Doc. 476**] and then convert it into a **SEALED ENTRY**. The Court further **DIRECTS** the Clerk's Office **DELETE** [**Doc. 370-1**] as it is a duplicative filing, and to **REPLACE** (placeholder) [**Doc. 358**] with Defendant's redacted Memorandum of Law in Support of its Motion for Summary Judgment [**Doc. 475-1**]

II.  **Declaration of Anna K. Finger [Doc. 371 SEALED] and Accompanying Exhibits**

With respect to the Declaration of Anna K. Finger [Doc. 371], Plaintiff seeks redactions to Table 1 in Appendix A and Table 2 in Appendix B. Plaintiff states that the tables only generally describe its trade secrets such that sealing is not required but that the appendices contain its trade secrets. The Court has reviewed the redacted information, which is narrowly tailored. The Court finds good cause to place it under seal. The Court **DIRECTS** the Clerk's Office to **REPLACE** [**Doc. 371**] with an updated sealed version [**Doc. 476-1**], which **SHALL REMAIN SEALED**. The Court further **DIRECTS** the Clerk's Office **REPLACE** the original redacted version [**Doc. 360**] with the updated redacted Declaration of Anna K. Finger [**Doc. 475-2**].

### A. Exhibits 3–5, 11, 13–16; 27–29, and 42 to the Finger Declaration

The parties agree that these exhibits should be filed in the public record. The Court therefore **DIRECTS** the Clerk's Office as follows:

- Replace Exhibit 3 (placeholder) [Doc. 360-3] with [Doc. 475-3]
- Replace Exhibit 4 (placeholder) [Doc. 360-4] with [Doc. 475-4]
- Replace Exhibit 5 (placeholder) [Doc. 360-5] with [Doc. 475-5]
- Replace Exhibit 11 (placeholder) [Doc. 360-11] with [Doc. 475-7]
- Replace Exhibit 13 (placeholder) [Doc. 360-13] with [Doc. 475-8]
- Replace Exhibit 14 Deposition Excerpts—Dr. Jonathan Wall [Doc. 360-14] with [Doc. 475-9]
- Replace Exhibit 15 (placeholder) [Doc. 360-15] with [Doc. 475-10]
- Replace Exhibit 16 (placeholder) [Doc. 360-16] with [Doc. 475-11]
- Replace Exhibit 27 Deposition Excerpts—Dr. Maha Kirshnamurthy [Doc. 360-27] with [Doc. 475-14]
- Replace Exhibit 28 (placeholder) [Doc. 360-28] with [Doc. 475-15]
- Replace Exhibit 29 Deposition Excerpts—Dr. Stacey Patterson [Doc. 360-29] with [Doc. 475-16]
- Replace Exhibit 42 (placeholder) [Doc. 360-42] with [Doc. 475-17]

Given that the exhibits no longer need to be sealed, the Court **DIRECTS** the Clerk's Office to **DELETE** [**Docs. 371-1, 371-2, 371-3, 371-6, 371-7, 371-8, 371-9, 371-14, 371-15, 371-16, and 371-28**].

### B. Exhibit 7 to Finger Declaration—Basic Agreement [Doc. 371-4 SEALED]

Plaintiff states that Exhibit 7 [Doc. 371-4] is a confidential agreement between Plaintiff, The University of Tennessee, and three University of Tennessee researchers. Plaintiff requests that the Court allow "the narrowly-tailored financial provisions of the agreement, which are

4

highlighted in the version that [Plaintiff] files contemporaneously herewith" [Doc. 475 pp. 3–4]. Plaintiff states that the redactions are limited to the confidential financial terms. In light of the confidential financial information with respect to Plaintiff and the non-parties, the Court finds good cause to place Exhibit 7 under seal. The Court **DIRECTS** the Clerk's Office to **REPLACE** the original sealed version [**Doc. 371-4**] with the updated sealed version [**Doc. 476-2**], which **SHALL REMAIN SEALED**. The Court further **DIRECTS** the Clerk's office to **REPLACE** Exhibit 7 (placeholder) [**Doc. 360-7**] with the redacted version [**Doc. 475-6**].

### C. Exhibit 17 to Finger Declaration—Expert Report of Dr. Ashley Stevens [Doc. 371-10 SEALED]

With respect to Exhibit 17 [Doc. 371-10], Plaintiff states that it is the Expert Report of Dr. Ashley Stevens, which the Court has already placed under seal [Doc. 386]. For the same reasons, [*see id.*], the Court grants Plaintiff's request and **INSTRUCTS** the Clerk's Office to **REPLACE** [**Doc. 371-10**] with updated sealed version [**Doc. 476-3**], which **SHALL REMAIN SEALED**.

### D. Exhibit 20 to Finger Declaration—Plaintiff's Discovery Responses [Doc. 371-11 SEALED]

Exhibit 20 is Plaintiff's Objections and First Supplement Responses to Defendant's First Set of Interrogatories [Doc. 371-11]. Plaintiff proposes redactions to pages 13–18 of Exhibit 20 because these pages include its technical trade secret information. The Court finds good cause to place Exhibit 20 under seal. The Court **DIRECTS** the Clerk's Office to **REPLACE** the original sealed version [**Doc. 371-11**] with the updated sealed version [**Doc. 476-4**], which **SHALL REMAIN SEALED**. The Court further **DIRECTS** the Clerk's Office to **REPLACE** Exhibit 20 (placeholder) [**Doc. 360-20**] with the redacted version [**Doc. 475-13**].

### E. Exhibit 22 to the Finger Declaration—Inter-Institutional Agreement [Doc. 371-12 SEALED]

Exhibit 22 is the Inter-Institutional Agreement between Plaintiff and Columbia [Doc. 371-12]. Plaintiff states that the Court has previously allowed a redacted version to be filed [*See* Docs. 90-1 & 92]. For the same reasons, the Court finds good cause to place Exhibit 22 under seal, and Exhibit 22 [**Doc. 371-12**] **SHALL REMAIN SEALED**. The redacted version of Exhibit 22 is already filed as [Doc. 360-22].

### F. Exhibit 24 to the Finger Declaration—Dr. Kurt Gehlsen's Expert Report [Doc. 371-13 SEALED]

Exhibit 24 [Doc. 371-13] is Dr. Kurt Gehlsen's Expert Report, which is subject to Plaintiff's motion to seal [Doc. 345]. Plaintiff proposes the same redactions requested in its motion [Doc. 345], and Defendant incorporates its request for redactions and its objections to Plaintiff's redactions [Doc. 349]. The Court has ordered supplemental briefing on the proposed redactions [Doc. 491]. As explained in that Order, some redactions are appropriate, and therefore, Exhibit 24 [**Doc. 371-13**] **SHALL REMAIN SEALED**. The Court will determine the extent of the redactions at a later date.

### G. Exhibit 31 to the Finger Declaration—Letter [Doc. 371-17 SEALED]

Defendant states that Exhibit 31 [Doc. 371-17] is a September 14, 2000 letter from non-party SAIC Frederick to non-party AERES Biomedical, Inc., accepting and enclosing an executed offer and award. According to Defendant, it "contains financial and other business terms that are not relevant to [Defendant's] motion and confidential technical information regarding the planned chimerization of the 11-1F4 antibody" [Doc. 475 p. 6]. Because redactions would result in over 50% of the document being redacted, Defendant seeks that it be sealed in its entirety. The Court

has reviewed Exhibit 31 [Doc. 371-17] and based on Defendant's representations, the undersigned finds good cause to place it under seal. Exhibit 31 [**Doc. 371-17**] SHALL REMAIN SEALED.

### H. Exhibit 32 to the Finger Declaration—ELISA Assay Protocol [Doc. 371-18 SEALED]

Plaintiff seeks to seal Exhibit 32 [Doc. 371-18] in its entirety. Plaintiff explains that it "contains the technical details of an Enzyme-Linked Immunosorbent Assay (ELISA) protocol that is [its] technical trade secret information" [Doc. 475 pp. 6–7]. The Court has reviewed Exhibit 32 [Doc. 371-18] and finds good cause to place it under seal. Exhibit 32 [**Doc. 371-18**] SHALL REMAIN SEALED.

### I. Exhibit 33 to the Finger Declaration—Project Meeting Minutes [Doc. 371-19 SEALED]

Plaintiff seeks an order permitting Exhibit 33 [Doc. 371-19] to remain under seal in its entirety. Plaintiff explains that "Exhibit 33 contains a technical report comparing the chimeric and murine version of 11-1F4, which constitute [its] technical trade secret information" [Doc. 475 p. 7]. The Court has reviewed Exhibit 33 and finds good cause to place it under seal. Exhibit 33 [**Doc. 371-19**] SHALL REMAIN SEALED.

### J. Exhibit 34 to the Finger Declaration—Final Report [Doc. 371-20 SEALED]

The parties request that Exhibit 34 [Doc. 371-20] remain under seal because it "represents a preclinical study done pursuant to agreements between the [National Cancer Institute], The University of Tennessee, and [Plaintiff]" [Doc. 375 p. 8]. The Court has reviewed Exhibit 34 and finds good cause to place it under seal. Exhibit 34 [**Doc. 371-20**] SHALL REMAIN SEALED.

### K. Exhibit 35 to the Finger Declaration—Phase I Exploratory IND [Doc. 371-21 SEALED]

Plaintiff seeks to seal Exhibit 35 [Doc. 371-21] in its entirety because it "contains a technical report regarding the chemistry, manufacturing, and control ("CMC") information for a

7

Case 3:19-cv-00508-CEA-DCP   Document 496   Filed 01/16/24   Page 7 of 16   PageID #: 26112

radiolabeled version of the 11-1F4 antibody, which constitute [Plaintiff's] technical trade secret information" [Doc. 475 p. 8]. The Court has reviewed Exhibit 35 [Doc. 371-21] and finds good cause to place it under seal. Exhibit 35 [**Doc. 371-21**] **SHALL REMAIN SEALED**.

> **L.    Exhibit 36 to the Finger Declaration—Project Summary Report [Doc. 371-22 SEALED]**

Plaintiff seeks to seal Exhibit 36 [Doc. 371-22] in its entirety because it "contains excerpts of a technical proposal regarding the purification of the chimeric version of the 11-1F4 antibody, which constitutes [its] technical trade secret information" [Doc. 475 p. 9]. The Court has reviewed Exhibit 36 [Doc. 371-22] and finds good cause to place it under seal. Exhibit 36 [**Doc. 371-22**] **SHALL REMAIN SEALED.**

> **M.    Exhibit 37 to the Finger Declaration—Single Dose Safety Study [Doc. 371-23 SEALED]**

Plaintiff seeks to seal Exhibit 37 [Doc. 371-23] in its entirety because it "contains the single dose safety study of the murine version of the 11-1F4 antibody, which constitutes [its] technical trade secret information" [Doc. 475 p. 9]. The Court has reviewed Exhibit 37 [Doc. 371-23] and finds good cause to place it under seal. Exhibit 37 [**Doc. 371-23**] **SHALL REMAIN SEALED**.

> **N.    Exhibit 38 to the Finger Declaration—Final Cross-Reactivity Report [Doc. 371-24 SEALED]**

Plaintiff seeks to seal Exhibit 38 [Doc. 371-24] in its entirety because it "contains the final cross-reactivity report of the murine version of the 11-1F4 with human tissue, which constitutes [its] technical trade secret information" [Doc. 475 p. 10]. The Court has reviewed Exhibit 38 [Doc. 371-24] and finds good cause to place it under seal. Exhibit 38 [**Doc. 371-24**] **SHALL REMAIN SEALED.**

**O.     Exhibit 39 to the Finger Declaration—Final Report [Doc. 371-25 SEALED]**

Plaintiff seeks to seal Exhibit 39 [Doc. 371-25] in its entirety because it "contains the imaging study of the radio-labeled chimeric version of 11-1F4 in cynomolgus monkeys, which constitutes [its] technical trade information" [Doc. 475 p. 11]. The Court has reviewed Exhibit 39 [Doc. 371-25] and finds good cause to place it under seal. Exhibit 39 [**Doc. 371-25**] SHALL REMAIN SEALED.

**P.     Exhibit 40 to the Finger Declaration—Response [Doc. 371-26 SEALED]**

Plaintiff seeks to seal Exhibit 40 [Doc. 371-26] in its entirety because it "contains excerpts of an *ex vivo* lymphocyte stimulation study on the chimeric version of the 11-1F4 antibody, which constitutes [its] technical trade secret information" [Doc. 475 p. 11]. The Court has reviewed Exhibit 40 [Doc. 371-26] and finds good cause to place it under seal. Exhibit 40 [**Doc. 371-26**] SHALL REMAIN SEALED.

**Q.     Exhibit 41 to the Finger Declaration—Memorandum [Doc. 371-27 SEALED]**

Plaintiff seeks to seal Exhibit 41 [Doc. 371-27] in its entirety because it "contains the results of experiments relating to the stability of the chimeric version of the 11-1F4 antibody over a 36-month period" [Doc. 475 p. 12]. Plaintiff contends that the data reflected therein constitutes its technical secret information. The Court has reviewed Exhibit 41 [Doc. 371-27] and finds good cause to place it under seal. Exhibit 41 [**Doc. 371-27**] SHALL REMAIN SEALED.

**III.   Declaration of Michael Spector [Doc. 375 SEALED] and Accompanying Exhibits**

Defendant states that it seeks narrowly tailored redactions to the Spector Declaration [Doc. 375], which includes "financial terms in agreements between [it] and non-parties, including Fortress and Alexion Pharmaceuticals, Inc." [Doc. 475 p. 12]. In addition, it seeks reactions to "a preclinical study conducted by a University of Tennessee professor on behalf of [Defendant]

containing [its] technical trade secret information relating to the 11-1F4 antibody" [*Id*.]. Columbia seeks redactions to paragraphs 43–44 because they include terms of its Exclusive License Agreement with Defendant. "[Plaintiff] opposes the financial terms relating to AstraZeneca's exercise of the option to acquire all outstanding equity in Caelum in Spring 2021[,]" which is in paragraph 78 [Doc. 475 p. 13]. Plaintiff states that the financial terms are contained in a press release by AstraZeneca, which Defendant publicly filed at Exhibit 29 of the Spector Declaration.

The Court finds good cause for the requested redactions, except to the financial information released by AstraZeneca. The Court has reviewed the press release [Doc. 368-29], which contains the same information Defendant seeks to redact [*See* Doc. 375 ¶ 78]. The Court will not seal information that is already public. The Spector Declaration [**Doc. 375**] **SHALL REMAIN SEALED**, but Defendant **SHALL** refile a redacted version of the Declaration of Michael Spector, omitting the redactions to paragraph 78, in the public record. Once Defendant files the redacted version, the Clerk's Office **SHALL** replace [**Doc. 368**] with the redacted version.

A. **Exhibits 4; 8–9; 13; 18–20; and 22 to the Spector Declaration**

The parties agree that these exhibits can be publicly filed. The Court therefore **DIRECTS** the Clerk's Office as follows:

- Replace Exhibit 4 (placeholder) [Doc. 368-4] with [Doc. 475-19]
- Replace Exhibit 8 (placeholder) [Doc. 368-8] with [Doc. 475-20]
- Replace Exhibit 9 (placeholder) [Doc. 368-9] with [Doc. 475-21]
- Replace Exhibit 13 (placeholder) [Doc. 368-13] with [Doc. 475-22]
- Replace Exhibit 18 (placeholder) [Doc. 368-18] with [Doc. 475-23]
- Replace Exhibit 19 (placeholder) [Doc. 368-19] with [Doc. 475-24]
- Replace Exhibit 20 (placeholder) [Doc. 368-20] with [Doc. 475-25]

- Replace Exhibit 22 (placeholder) [Doc. 368-22] with [Doc. 475-26]

Given that the exhibits no longer need to be sealed, the Court **DIRECTS** the Clerk's Office to **DELETE** [**Docs. 375-4, 375-8, 375-9, 375-13, 375-16, 375-17, 375-18, and 375-20**].

B. **Exhibits 1–3; 5–7; 11–12; 15–16; 21; 23–28; and 31–32 to the Spector Declaration**

Defendant requests redaction and sealing to these exhibits, relying on the Motion to Seal [Doc. 369 pp. 11–19]. Specifically, Defendant seeks to seal in their entirety Exhibits 1, 2, 3, 5, 6, 7, 12, 15, 16, 21, 23–28, 31, and 32 [Docs. 375-1–375-3; 375-5–375-7, 375-12, 375-14–375-15; 375-19; 375-21–375-26; 375-27–375-28]. In summary, these documents are either confidential agreements with non-parties, internal business communications with non-parties, an Exclusive License Agreement with Columbia, a Sponsored Research Agreement between Defendant and The University of Tennessee, Statements of Work detailing the technical information regarding the antibody, a Frame Services and License Agreement with a nonparty, a work order with a non-party, a Pharmaceutical Development Services Agreement with a non-party, Defendant's Briefing Document that contains confidential technical information about the antibody, the Development, Option, and Stock Purchase Agreement ("DOSPA") that Defendant entered into with non-parties, the amended DOSPA, and a Frame Agreement with a non-party [See Doc. 369 pp. 11–19]. In order to protect the privacy interests of the non-parties and the technical information regarding the antibody, the Court finds good cause to place these exhibits under seal, and Exhibits 1, 2, 3, 5, 6, 7, 12, 15, 16, 21, 23–28, 31, and 32 [**Docs. 375-1–375-3; 375-5–375-7, 375-12, 375-14–375-15; 375-19; 375-21–375-26; 375-27–375-28**] **SHALL REMAIN SEALED.**

With respect to Exhibit 11 [Doc. 375-11],[2] Defendant proposes narrowly tailored redactions relating to confidential business communications between Defendant and non-parties [Doc. 369 p. 14]. The Court has reviewed this exhibit and finds good cause to place it under seal. Exhibit 11 [**Doc. 375-11**] **SHALL REMAIN SEALED.** The Court **DIRECTS** the Clerk's Office to **DELETE** the duplicative Exhibit 11 [**Doc. 375-10**]. Defendant, however, did not file a redacted version of Exhibit 11. The Court **DIRECTS** Defendant to file a redacted version of Exhibit 11 **within five days** of this Order and further **DIRECTS** the Clerk's Office to **REPLACE** [Doc. 368-11] with the redacted version that Defendant will file.

## IV. Exhibits to the Declaration of Suzanne Lentzsch [Docs. 372 and 373 SEALED]

### A. Exhibits A, C, F–H, and P–R to the Lentzsch Declaration

The parties agree these exhibits can be publicly filed. The Court therefore **DIRECTS** the Clerk as follows:

- Replace Exhibit A (placeholder) [Doc. 362-1] with [Doc. 475-27]
- Replace Exhibit C (placeholder) [Doc. 362-3] with [Doc. 475-28]
- Replace Exhibit F (placeholder) [Doc. 362-6] with [Doc. 475-30]
- Replace Exhibit G (placeholder) [Doc. 362-7] with [Doc. 475-31]
- Replace Exhibit H (placeholder) [Doc. 362-8] with [Doc. 475-32]
- Replace Exhibit P (placeholder) [Doc. 362-16] with [Doc. 475-33]
- Replace Exhibit Q (placeholder) [Doc. 362-17] with [Doc. 475-34]
- Replace Exhibit R (placeholder) [Doc. 362-18] with [Doc. 475-35]

---

[2] There are two documents labeled Exhibit 11 [Doc. 375-10 and Doc. 375-11], but the latter document contains the highlights. Defendant filed an unhighlighted version [Doc. 375-10] to defer to Columbia regarding additional proposed redactions [Doc. 369 p. 14].

Given that the exhibits no longer need to be sealed, the Court **DIRECTS** the Clerk's office to **DELETE** the following: [**Docs. 372, 372-2, 372-5, 372-6, 372-7; 373-3, 373-4, 373-5**].

B.      **Exhibit B to the Lentzsch Declaration—INT File [Doc. 372-1 SEALED]**

Plaintiff requests that Exhibit B [Doc. 372-1] be sealed in its entirety because it "contains INT # 117,316, which is a confidential file maintained between Dr. Solomon while employed at The University of Tennessee and the U.S. Food and Drug Administration" [Doc. 475 p. 14]. Plaintiff explains that it "contains the Phase Ia Therapeutic (MTD) Study of Chimeric Fibril-Reactive Monoclonal Antibody 11-1F4 in Patients with AL Amyloidosis and the Phase Ib Therapeutic (Multi-Infusion) Study of Chimeric Fibril-Reactive Monoclonal Antibody 11-1F4 in Patients with AL Amyloidosis, both of which were authored by Dr. Solomon and constitute [Plaintiff's] technical trade secret information" [*Id.*]. Plaintiff states that Exhibit B is the subject of confidentiality agreements between Drs. Solomon and Lentzsch and between [it] and Columbia University" [*Id.*]. The Court has reviewed Exhibit B [Doc. 372-1] and finds good cause to place it under seal. Exhibit B [**Doc. 372-1**] **SHALL REMAIN SEALED.**

C.      **Exhibit D to the Lentszch Declaration—ELISA Assay Protocol [Doc. 372-3 SEALED]**

Plaintiff requests that Exhibit D [Doc. 372-3] remain sealed in its entirety for the same reasons it seeks leave to seal Exhibit 32 to the Finger Declaration [Doc. 371-18]. Plaintiff states that it is the same document and "the only difference is one copy was produced by [Plaintiff] and the other by Columbia" [Doc. 475 p. 15]. The Court finds good cause to place Exhibit D [Doc. 372-3] under seal, and Exhibit D [**Doc. 372-3**] **SHALL REMAIN SEALED.**

D.      **Exhibit E to the Lentzsch Declaration –Email String [Doc. 372-4 SEALED]**

Plaintiff seeks to file the unredacted version of Exhibit E [Doc. 372-4] under seal. It requests that it be permitted to narrowly redact its "technical trade secret information relating to

13

an Enzye-Linked Immunosorbent Assay (ELISA) protocol" [Doc. 475 p. 16]. Plaintiff further explains that the information is the subject of confidentiality agreements between Dr. Solomon and Dr. Lentzsch and between Plaintiff and Columbia [*Id*.]. The Court has reviewed Exhibit E [Doc. 372-4] and finds good cause to place it under seal. In addition, Plaintiff has proposed narrow redactions. The Court **DIRECTS** the Clerk's Office to **REPLACE** the original sealed version [**Doc. 372-4**] with the updated sealed version [**Doc. 476-6**], which **SHALL REMAIN SEALED**. The Court further **DIRECTS** the Clerk's Office to **REPLACE** Exhibit E (placeholder) [**Doc. 362-5**] with the redacted version [**Doc. 475-29**].

E. **Exhibit J to the Lentzsch Declaration—Phase Ia Study [Doc. 372-8 SEALED]**

Plaintiff seeks to file Exhibit J [Doc. 372-8] under seal in its entirety because it "includes a further revision of Dr. Solomon's Phase Ia Therapeutic (MTD) Study of Chimeric Fibril-Reactive Monoclonal Antibody 11-1F4 in Patients with AL Amyloidosis and Phase Ib Therapeutic (Multi-Infusion) Study of Chimeric Fibril-Reactive Monoclonal Antibody 11-1F4 in Patients with AL Amyloidosis" [Doc. 475 p. 17]. Plaintiff states that it contains "substantially the same information included . . . as Exhibit B" [*Id*.]. The Court has reviewed Exhibit J [Doc. 372-8] and finds good cause to place it under seal. Exhibit J [**Doc. 372-8**] **SHALL REMAIN SEALED.**

F. **Exhibits K–O to the Lentzsch Declaration [Docs. 372-9, 373, 373-1, 373-2, 376, 376-1 SEALED]**

Plaintiff seeks to maintain these exhibits [Docs. 372-9, 373, 373-1, 373-2, 376, 376-1][3] under seal. Plaintiff states that the analysis of whether to seal these exhibits is the same as Exhibit J. It explains that the exhibits contain further revisions of Dr. Solomon's Phase Ia/Ib clinical trial protocols. The Court has reviewed Exhibits K–O [Docs. 372-9, 373, 373-1, 373-2, 376, and 376-

---

[3] Exhibit O is filed as two documents [Docs. 376 & 376-1].

1] and finds good cause to place them under seal. Exhibits K–O [**Docs. 372-9, 373, 373-1, 373-2, and 376**] SHALL REMAIN SEALED.

    G.    **Exhibits S–U to the Lentzsch Declaration [Docs. 373-6, 373-7, 373-8 SEALED]**

Defendant states that it set forth its basis for sealing these exhibits [Docs. 373-6, 373-7, 373-8] in its Motion to Seal [Doc. 369 pp. 23–24]. It that motion, Defendant explains that Exhibit S [Doc. 373-6] is a Consulting Agreement between it and non-party, Dr. Lentzsch, which contains "confidential financial and other terms that are not relevant to [its] [m]otion" [Doc. 369 pp. 23–24]. Exhibit T [Doc. 373-7] "contains confidential business communications between [Defendant] and non-party Dr. Lentzsch and includes confidential information regarding the design of Phase 3 clinical trials for the 11-1F4 antibody at issue in this case" [Doc. 369 p. 24]. Defendant states that Exhibit U [Doc. 373-8] contains "confidential communications between and among [its] Board of Directors and non-party Dr. Lentzsch, and includes highly confidential information regarding the design and results of [Defendant's] clinical trials" [Doc. 369 p 24]. Based on Defendant's representations, the Court finds good cause to place these exhibits under seal. Exhibits S–U [**Docs. 373-6, 373-7, 373-8**] SHALL REMAIN SEALED.

V.    **Exhibits to the Declaration of Maria Rahmany, Ph.D. [Docs. 374-2 and 374-3 SEALED].**

    A.    **Exhibit A to the Rahmany Declaration—Assignment Agreement [Doc. 374-2 SEALED]**

The parties both seek to seal Exhibit A [Doc. 374-2], which "is an Assignment Agreement between Columbia and non-party Medical Research Council Technology [that] attaches a report authored by AERES regarding the development of the 11-1F4 antibody at issue in this case" [Doc. 475 p. 19]. The parties state that it "contains highly confidential technical information regarding the development of 11-1F4[,]" and Plaintiff claims it constitutes its trade secret information [*Id*.].

The Court has reviewed Exhibit A [Doc. 374-2] and finds good cause to place it under seal. Exhibit A [**Doc. 374-2**] SHALL REMAIN SEALED.

B. **Exhibit B to the Rahmany Declaration—Email String [Doc. 374-3 SEALED]**

The parties do not oppose filing Exhibit B [Doc. 374-3] to the Rahmany Declaration publicly. The Court therefore **DIRECTS** the Clerk's Office to **REPLACE** (placeholder) [**Doc. 363-2**] with [**Doc. 374-3**] and then **DELETE** [**Doc. 374-3**].[4]

VI. **Exhibits to the Declaration of Laura Amos [Docs. 374 and 374-1 SEALED]**

The parties do not oppose filing Exhibits A or B to the Amos Declaration [Docs. 374, 374-1] in the public record. The Court therefore **DIRECTS** the Clerk's Office to **REPLACE** (placeholder) [**Doc**. **364-1**] with [**Doc. 475-36**] and to **REPLACE** (placeholder) [**Doc. 364-2**] with [**Doc. 475-37**]. Given that the exhibits no longer need to be sealed, the Court **DIRECTS** the Clerk's Office to **DELETE** [**Docs. 374 and 374-1**].

As a final matter, should the above sealing prevent the Court from issuing public decisions on the record, it may elect to reconsider such sealing. Fed. R. Civ. P. 5.2(d).

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

[4] The parties state that they filed "[a]n unredacted version of Exhibit B is filed publicly herewith" [Doc. 475 p. 20]; however, it is not attached as an exhibit to the joint motion [*See* Doc. 475].