UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> CAELUM BIOSCIENCES, INC., <br><br> Defendant. | No. 3:19-CV-508-CEA-DCP |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the parties' Joint Notices Regarding Sealed Documents ("Joint Notices") [Doc. 586 and 613] and the Joint Motion to Seal Confidential Information ("Joint Motion to Seal") [Doc. 610]. The Court will address the matters in the order in which they were filed.

**I.     JOINT NOTICE [Doc. 586]**

On July 31, 2024, the Court placed Plaintiff's Memorandum of Law in Support of its Motion *in Limine* to Exclude Allegations of Spoilation [Doc. 555] and the exhibits thereto [Docs. 555-1 to 555-3] under temporary seal [Doc. 578]. After the parties and Columbia University ("Columbia") met and conferred, they determined that none of the documents need to be sealed or redacted. To maintain an orderly docket, the Court **DIRECTS** the Clerk's Office as follows:

- Replace [**Doc. 554**] with [**Doc. 586-1**]
- Replace [**Doc. 554-2**] with [**Doc. 586-2**]
- Replace [**Doc. 554-3**] with [**Doc. 586-3**]
- Replace [**Doc. 554-4**] with [**Doc. 586-4**]

Given that no party requests sealing, the Court **DIRECTS** the Clerk's office to **DELETE** the sealed Memorandum in Support of Motion in Limine to Exclude Allegations of Spoilation [**Doc. 555**] and the exhibits there to [**Docs. 555-1 to 555-3**].

In addition, the parties report that Exhibit 3 to Plaintiff's Motion *in Limine* to Preclude Evidence or Argument Regarding Defendant's Undisclosed Advice of Counsel Defense [Doc. 558] does not need to be sealed or redacted. The Court therefore **DIRECTS** the Clerk's Office to **REPLACE** the placeholder [**Doc. 557-4**] with the public version of Exhibit 3 [**Doc. 586-5**] and to **DELETE** the sealed version [**Doc. 558**].

## II.     JOINT MOTION TO SEAL [Doc. 610]

On July 31, 2024, the Court placed the exhibits to the Declaration of Caleb B. Roche [Docs. 569, 569-1, and 569-2] under temporary seal [Doc. 579]. The parties state in their Joint Notice that they have conferred and discussed the matters with former party, Columbia [Doc. 610 p. 2]. Columbia does not seek any redactions, but the parties ask that several exhibits be redacted and/or sealed [*Id.*].

Plaintiff requests that Dr. Bush's expert report, which is Exhibit 1 [Doc. 569], remain sealed. Plaintiff states that it "contains extensive discussion of the Phase 1 clinical trial protocol—indeed, that is the sole focus of his expert opinions" [*Id.*]. According to Plaintiff, "Trade Secret Nos. 1–15 of Plaintiff's trade secret misappropriation claim constitute various sections of this Phase 1 clinical trial protocol" [*Id.*]. Plaintiff states that the redactions would be more than 50% of the document [*Id.*]. Defendant does not object to sealing Exhibit 1 [*Id.*]. For good cause shown, the Court **GRANTS** the request, and Exhibit 1 [**Doc. 569**] **SHALL REMAIN SEALED**.

Exhibit 2 [Doc. 569-1] is the expert report of David W. Wood, Ph.D. [Doc. 610 p. 2]. None of the parties request sealing or redacting of this document. The Court **DIRECTS** the Clerk's

Office to replace the placeholder [**Doc. 567-3**] with Exhibit 2 [**Doc. 610-1**] and to **DELETE** the sealed version of Exhibit 2 [**Doc. 569-1**].

Exhibit 3 [**Doc. 569-2**] is the corrected rebuttal report of Glenn D. Prestwich, Ph.D. Defendant seeks redactions to paragraph 90 of Dr. Prestwich's report because it contains "confidential technical information regarding enhancements made by [Defendant] to the 11-1F4 antibody for use in clinical trials [Doc. 610 p. 2]. Defendant states that filing this information in the public record "could cause it competitive harm" [*Id*.]. Plaintiff seeks to seal this exhibit in its entirety because it "contains extensive discussions of [its] confidential trade secret information" [*Id*. at 3]. Although Defendant only seeks limited redactions, it does not oppose Plaintiff's request to seal the exhibit in its entirety [*Id*.]. For good cause shown, the Court **GRANTS** Plaintiff's request, and Exhibit 3 [**Doc. 569-2**] **SHALL REMAIN SEALED.**

The Court therefore **GRANTS** the Joint Motion to Seal [**Doc. 610**].

## III. JOINT NOTICE REGARDING SEALED DOCUMENTS [Doc. 613]

On August 9, 2024, the Court placed Plaintiff's Opposition to Defendant's Objection to the Magistrate Judge's Memorandum and Order on Defendant's *Daubert* Motion to Exclude the Expert Testimony of Dr. McDuff ("Opposition") [Doc. 593] under temporary seal [Doc. 598]. Defendant seeks to redact pages 24 and 25 because they contain "confidential financial terms of the license agreement between [it] and Columbia" [Doc. 613 p. 2]. It submits that the Court has previously sealed that information [*Id*. (citing Doc. 585)]. Plaintiff does not object to Defendant's request [*Id*.]. For good cause shown, the Court **GRANTS** the request, and the Opposition [**Doc. 593**] **SHALL REMAIN SEALED**.

On August 12, 2024, the Court placed Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude Reference to Corporate Affiliate [Doc. 604] and the exhibits thereto [Doc. 604-

3

1, 604-2], and Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude Non-Party Financial Projections and Payments to Defendant's Shareholders [Doc. 606] under temporary seal [Doc. 607]. The parties do not seek to seal or redact Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude References to AstraZenca [Doc. 604] or Exhibit 2 thereto [Doc. 604-2], and they also do not seek to seal or redact Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude Non-Party Financial Projections and Payments to Defendant's Shareholders [Doc. 606]. To maintain an orderly docket, the Court **DIRECTS** the Clerk's Office as follows:

- Replace [**Doc. 603**] with [**Doc. 613-1**]
- Replace [**Doc. 603-3**] with [**Doc. 613-2**]
- Replace [**Doc. 605**] with [**Doc. 613-3**].

The Court further **DIRECTS** the Clerk's Office to **DELETE** the sealed versions of these documents [**Docs. 604, 604-2, and 606**].

With respect to Exhibit 1 to Daniel Hispkind's Declaration in Support of Plaintiff's Opposition to Defendant's Motion in Limine to Exclude References to AstraZeneca [Doc. 604-1], Defendant seeks to seal it in its entirety [Doc. 613 p 3]. Defendant submits it "contains detailed, confidential information generated by non-party Alexion Pharmaceuticals, Inc., regarding CAEL-101, including financial projections, technical development information, clinical trial information, and information regarding CAEL-101's potential competitors" [*Id*.]. Defendant states that "[p]ublic disclosure of this information would likely result in competitive harm to [it]" and that the Court has previously sealed the same information [*Id*. (citing Doc. 585)]. Plaintiff does not

oppose this request [*Id*.]. For good cause shown, Exhibit 1 [**Doc. 604-1**] **SHALL REMAIN SEALED**.

    **IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

5

Case 3:19-cv-00508-CEA-DCP   Document 625   Filed 08/19/24   Page 5 of 5   PageID #: 33236