UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION, <br><br>Plaintiff,<br><br>v.<br><br>CAELUM BIOSCIENCES, INC.,<br><br>Defendant. | No. 3:19-CV-00508-CEA-DCP<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Caelum Biosciences, Inc. ("Caelum") submits this Opposition to Plaintiff University of Tennessee Research Foundation's ("Plaintiff" or "UTRF") Motion to Strike Caelum's Proposed Findings of Fact and Conclusions of Law ("Motion to Strike"). (ECF No. 663). UTRF asserts that Caelum's Proposed Findings of Fact and Conclusions of Law ("Proposed Findings") are inappropriate because a jury has been demanded in this case. *See id.* at 1–2. However, there are equitable claims and defenses in this case that must be resolved by the Court, making the Proposed Findings relevant, necessary, and helpful to the Court.

As a preliminary matter, the Motion to Strike fails under Federal Rule of Civil Procedure 12(f), which only allows the striking of material that is "redundant, immaterial, impertinent, or scandalous matter." Not only are Caelum's Proposed Findings relevant and appropriate, they are *required* under Local Rule 52.1 because the Proposed Findings will assist the Court with non-jury issues related to UTRF's equitable declaratory judgment claims and Caelum's equitable defenses. For this reason alone, the Motion to Strike should be summarily rejected.

Even if this Court does not reject the Motion to Strike outright due to procedural requirements, the Motion to Strike should still be denied because of the equitable decisions that this Court must determine. Specifically, UTRF has asked this Court to declare that it "owns all right, title and interest" in "the 11-1F4 antibody, related tangible materials, know-how, and confidential research data," obtained from the University of Tennessee ("UT"). (*See* Second Amended Complaint, ¶ 255, ECF No. 61 (Count VIII)). UTRF also seeks "[a] declaration that UTRF is the sole and exclusive owner of all [commercialization] rights to [11-1F4] materials and information generated by [NCI]." (*Id.* at 73 (Prayer for Relief); *see also id.* ¶ 262). UTRF asserted these claims only after the Court required it to join Columbia as a defendant, (ECF No. 528), and Counts VIII and IX of the Second Amended Complaint ("SAC") are plainly focused on the ownership dispute between UTRF and Columbia. (ECF No. 61 at ¶¶ 259, 260, 266, 268, 269).

Thus, UTRF's declaratory judgment claims do not seek any legal relief, but rather request merely declarations of "ownership." (*See* ECF No. 61 at 62-70 (Second Amended Complaint, Counts VIII, IX, and X); *see also id.* at 72-74 (Prayer for Relief)). However, UTRF has failed to meet its burden that it is the rightful owner of the materials in question. As such, UTRF's request would impugn the rights of Columbia, NCI, AERES, and potentially other non-parties to this case. This Court routinely interprets written agreements which determine the ownership rights of the parties. *See Whalewisdom LLC v. Plunkett*, No. 2:16-CV-00028-MCLC, 2016 WL 11731262 (E.D. Tenn. Sept. 22, 2016) (interpreting contract to determine party's method of obtaining ownership in an LLC); *Heineman v. Terra Enterprises, LLC,* 817 F. Supp. 2d 1049, 1056–57 (E.D. Tenn. 2011) (interpreting the term "mineral" to establish the scope of the grantee's rights). UTRF's declaratory judgment claims for the determination of "ownership" is an equitable claim that resides with the Court.

The fact that UTRF's declaratory judgment claims will be decided by the Court should not come as a surprise to UTRF. Even this Court's Order on Caelum's Motion for Summary Judgment indicated that the jury will resolve the legal claims before the Court resolves the equitable ones. (*See* ECF No. 589 at 52 (SEALED) (citing *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959), and *In re Lewis*, 845 F.2d 624, 629 (6th Cir. 1988)). UTRF was therefore put on notice that the equitable claims could be decided in a non-jury (*See* Agreed Final Pretrial Order ECF No. 643 at 12 (IV. Contested Issues of Law) ("Plaintiff's declaratory judgment claims are issues of law for the Court.")) and cannot now argue otherwise.

The rule put forth in *Beacon Theatres* prescribes the sequence in which the jury and Court ordinarily should decide legal and equitable claims so that the Court's decision on equitable matters does not impair the jury's resolution of the legal issues. *See Beacon Theaters*, 359 U.S. at 510-11. However, this sequence does not transfer the equitable claims from the Court's domain to the jury's domain. Under Federal Rule of Civil Procedure 39(c)(2), these claims may be tried to a jury only if the parties consent. Caelum has not consented, and does not consent, to a jury trial on these claims. Neither precedent nor the Federal Rules of Civil Procedure support UTRF's attempt to unilaterally divest the Court of its authority to decide the equitable claims.

Furthermore, it is within the Court's discretion as to whether certain parts of a trial will be conducted as a jury trial or a bench trial based upon "considerations of fundamental fairness and judicial economy." *Thompson v. Parkes*, 963 F.2d 885, 888 (6th Cir. 1992) (citing *Hildebrand v. Board of Trustees,* 607 F.2d 705, 710 (6th Cir.1979)). Although the Court has authority to seek an advisory ruling from the jury, asking the jury to provide an advisory ruling on the declaratory judgment claims will add unnecessary expense, time, and complexity to the jury's already substantial task of considering UTRF's dozens of alleged trade secrets and various other claims

3

and will not assist the Court in fact-finding relevant to UTRF's declaratory judgment claims. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338, 339 (S.D. Cal. 2010) (denying request for advisory jury in a Title IX action because an advisory jury would have added unnecessary expense, time, and complexity to the case, and would not have assisted the court in fact-finding); *Doe v. Horne*, No. CV-23-00185-TUC-JGZ, 2024 WL 69645, at *3 (D. Ariz. Jan. 5, 2024) ("Empaneling an advisory jury would not promote judicial economy; it would prolong proceedings and increase costs while providing little benefit."). In addition, requesting an advisory ruling from the jury on UTRF's declaratory judgment claims will only increase the risk of jury confusion.

Finally, asking the jury to award both damages and declaratory judgments regarding ownership, even in an advisory capacity, would undermine the very premise of UTRF's request for a percentage of Caelum's future sales, as declaratory judgments in UTRF's favor would prohibit Caelum from commercializing CAEL-101 and generating any such sales. Presenting the jury with both forms of relief could lead the jury to provide irreconcilable remedies and an inconsistent verdict. This undesirable result could easily be avoided by not asking the jury to opine on UTRF's declaratory judgment claims. See Fed. R. Civ. P. 49 (specifying circumstances in which an inconsistent verdict may authorize or require a new trial); *see also Guidry v. Kem Mfg. Co.*, 598 F.2d 402, 406 (5th Cir. 1979) ("It is critical, however, that the structure of the questions and proposed answers [in a special verdict form] avoid the possibility that the answers will be conflicting."). Given the high risk of overburdening the jury, creating juror confusion, impugning the rights of non-parties, and providing inconsistent remedies, the Court should decide UTRF's declaratory judgment claims and deny UTRF's Motion to Strike.

4

Case 3:19-cv-00508-CEA-DCP    Document 674    Filed 09/09/24    Page 4 of 7    PageID #: 34344

In addition to UTRF's declaratory judgment claims, Caelum's Proposed Findings address Caelum's affirmative defenses of ratification and acquiescence, which are equitable questions for the Court. *See DayCab Co., Inc. v. Prairie Tech.*, LLC, 67 F.4th 837, 856 (6th Cir. 2023) (applicability of equitable laches defense to be "ultimately determine[d]" by the court); *Bonner Farms, Ltd. V. Fritz*, 355 F. App'x 10, 18 (6th Cir. 2009) (holding that equitable defenses and equitable remedies are matters for the court to decide). While UTRF's Motion to Strike makes no mention of Caelum's equitable defenses, Caelum's Proposed Findings will assist the Court in determining the applicability of these defenses. This is yet another reason why the Motion to Strike should be denied.

Unlike UTRF's declaratory judgment claims, the substantial overlap in the evidence relevant to UTRF's legal claims and the evidence supporting Caelum's equitable defenses would not pose the same risk of juror confusion and prejudice. *See Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 749 F. Supp. 2d 542, 554 (E.D. Ky. 2010) (finding that submission of "the issues of patent misuse, laches, and estoppel to the jury" was not prejudicial and did not "invite the jury to make decisions relating to Lexmark's inducement claim based on [improper] equitable considerations" (internal quotations omitted) (alteration in original)). Rather, submitting Caelum's defenses to the jury for an advisory opinion is appropriate here, because the Court will benefit from hearing the parties' arguments on these defenses at trial. *See Id.* at 554 (a court "will ultimately make its own independent findings of fact and draw its own conclusions of law as to matters that fall within its purview, but will also benefit from the parties' arguments to the jury on these issues") (quoting *Starr Intern. Co. v. American Intern. Group, Inc.,* 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009)).

5

Accordingly, UTRF's Motion to Strike Caelum's Proposed Findings of Fact and Conclusions of Law should be denied, and Caelum's Proposed Findings of Fact and Conclusions of Law should be submitted to the Court pursuant to Local Rule 52.1.

Dated: September 9, 2024

Respectfully Submitted,

**DLA PIPER LLP (US)**

Christopher M. Strongosky (*pro hac vice*)
Michael D. Hynes (*pro hac vice*)
Anna K. Finger (*pro hac vice*)
Leeanne M. Mancari (*pro hac vice*)
1251 Avenue of the Americas, 27th Floor New York, NY 10020
(212) 335-4500
christopher.strongosky@us.dlapiper.com
michael.hynes@us.dlapiper.com
anna.finger@us.dlapiper.com
leeanne.mancari@us.dlapiper.com

**PAINE TARWATER & BICKERS LLP**

By: /s/ *John W. Elder*
John W. Elder (BPR #022775)
Lindsey M. Collins (BPR #033426)
Kendell G. Vonckx (BPR #035139)
900 South Gay Street, Suite 2200 Knoxville, TN 37902
(865) 525-0880
jelder@painebickers.com
lcollins@painebickers.com
kvonckx@painebickers.com

*Attorneys for Defendant Caelum Biosciences, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September 2024, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

/s/ John W. Elder